UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ANTHONY JOHNSON,
a/k/a JAMES LEE BELLE,

        Petitioner,         Case Number 08-12726
                                             Honorable David M. Lawson

v.

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Benjamin Anthony Johnson, also known as James Lee Bell, is a state inmate presently confined at Ryan Correctional Facility in Detroit, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner alleges that he is being held in custody in violation of a liberty interest and the Eighth and Fourteenth Amendments to the United States Constitution. The Court finds no merit in the petitioner's claims. Therefore, the habeas petition will be denied.

I.

State records indicate that the petitioner was convicted in the Wayne County, Michigan circuit court of delivery, manufacture, or possession with intent to deliver a controlled substance contrary to Mich. Comp. Laws § 333.7401(2)(a)(i). On September 20, 2004, he was sentenced to imprisonment for three to thirty years. His earliest release date was July 26, 2007, but his maximum discharge date is July 26, 2034. *See* www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber =459800 (last visited August 1, 2008).

The habeas petition and exhibit indicate that on or about June 6, 2008, the Michigan Parole Board decided to release the petitioner on parole. However, on June 17, 2008, an employee of the Michigan Department of Corrections allegedly informed the petitioner that his release on parole was suspended due to a detainer lodged against him by the United States Marshal's Service. The petitioner contends that according to his federal presentence investigation report in case number 05-80955 (Hon. Avern Cohn), there is no federal detainer. He maintains that his continued incarceration is unconstitutional and that he has a liberty interest in being released on parole after being granted parole.

II.

State prisoners ordinarily must exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement applies to 2241 petitions challenging the execution of a setence, even though that statute does not mandate exhaustion by its own terms. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Although the petitioner apparently did not raise his claims in state court, it is clear that a state prisoner's right to appeal parole decisions has been eliminated. *See* Mich. Comp. Laws § 791.234(11); *Morales v. Mich. Parole Bd.*, 260 Mich. App. 29, 35-42, 676 N.W.2d 221, 226-30 (2003). The Court therefore deems the petitioner's claims exhausted because there "is an absence of available State corrective process." 28 U.S.C. 2254(b)(1)(B)(i).

The petitioner is proceeding under section 2241, which permits a district court to grant a writ of habeas corpus if a petitioner establishes that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, when a petitioner

challenges his "custody pursuant to a state court judgment," then the standards established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996) apply, regardless of how the petitioner characterizes his petition. *Rittenberry v. Morgan*, 468 F.3d 331, 333 (6th Cir. 2006); *see also Bies v. Bagley*, 519 F.3d 324, 330 n. 3 (6th Cir. 2008) (noting that § 2241 has a "less restrictive" standard than § 2254). The AEDPA "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When, as here, no state court has evaluated a habeas petitioner's federal claims on the merits, the deference due under § 2254(d) does not apply, and habeas review of the claims is *de novo*, regardless of whether the petitioner proceeds under § 2254 or § 2241. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. at 534). However, the petitioner has not established any constitutional violation, no matter what standard is applied to his claims.

The petitioner claims to be unconstitutionally detained in violation of his constitutional right to liberty and his right not to be subject to cruel and unusual punishment. It is well established, however, that prisoners have no constitutional right to be released on parole. *See Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Nabraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Juarez v. Renico,* 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001). And because the Michigan Parole Board has discretion in deciding whether to grant release on parole, *see* Mich. Comp. Laws § 791.234(11), a defendant does not have a protected liberty interest in parole under state law. *Sweeton v. Brown,* 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc); *Juarez*, 149 F. Supp. 2d at 322.

As for the petitioner's Eighth Amendment claim, the United States Court of Appeals for the Sixth Circuit has stated that the denial of parole

> does not implicate the Eight[h] Amendment's prohibition against cruel and unusual punishment. The Eight[h] Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The denial of parole clearly does not fall under this umbrella.

*Carnes v. Engler* ,76 F. App'x 79, 81 (6th Cir. Sept. 19, 2003) (unpublished).

Furthermore, records in this District indicate that the petitioner is awaiting sentencing before United States District Judge Avern Cohn. *See United States v. Johnson*, No. 05-80955 (Doc. 990, June 13, 2008) (stipulated order adjourning sentencing). Judge Cohn's staff has informed this Court that the petitioner refused to be taken into federal custody and stated that he wanted to remain in state custody pending the outcome of his federal criminal case. Those circumstances well explain the federal detainer that has stayed the state parole board's hand in releasing the petitioner.

III.

The petitioner has no constitutional or state-created liberty interest in parole, and the State's refusal to release him does not constitute cruel and unusual punishment.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: August 4, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2008.

s/Felicia M. Moses  
FELICIA M. MOSES